UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN ALEXANDER                                               CIVIL ACTION

VERSUS                                                        NO. 19-10524

ROBERT TANNER                                                 SECTION "A"(3)

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

It is undisputed that Alexander filed his federal application for habeas corpus relief pertaining to his armed robbery conviction after the one-year period provided by 28 U.S.C. § 2244(d)(1)(A) had expired. Alexander argues that 28 U.S.C. § 2244(d)(1)(D) should apply and that the "factual predicate" for the one-year limitation period provided under that subsection is a June 8, 2018 report by Dr. Frederic Sautter.[1] This expert report was obtained for Alexander in another criminal case in which Alexander had been charged with manslaughter. In that case Dr. Sautter opined that at the time of Alexander's arrest related to the manslaughter case, Alexander suffered from a litany of psychological problems that likely contributed to his problems with law

---

[1] A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    the date on which the factual predicate of the claim or claims presented could
    have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(D).

1

enforcement. Alexander is convinced that he would have obtained a lesser sentence if his counsel had obtained similar expert evidence at the time of his sentencing for the armed robbery conviction.

The Court is persuaded that the magistrate judge correctly identified the facts underlying Dr. Sautter's report as opposed to the report itself (and the opinions contained therein) as the factual predicate of Alexander's habeas claims. As the magistrate judge explained, Alexander and his family members were aware of his traumatic childhood history at the time of his sentencing. (Rec. Doc. 28, R&R at 24). All of Alexander's school and medical records predate the sentencing, and the trial court was familiar with Alexander's juvenile record at the time of sentencing. (*Id.*). Thus, the report itself was not the trigger for the one-year period provided by § 2244(d)(1)(D).

Accordingly;

**IT IS ORDERED** that Kevin Alexander's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** because it is untimely.

May 29, 2025

_____
UNITED STATES DISTRICT JUDGE